IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PETER WEAVER | ) | NO. 3:02-CV-1328 (AHN) |
| Plaintiff, | ) | |
| v. | ) | |
| JEFFERY P. APUZZO and RICHARD D. TULISANO | ) | |
| Defendants. | ) | NOVEMBER 5, 2003 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Jeffery P. Apuzzo and Richard D. Tulisano submit this memorandum of law in support of their Motion for Summary Judgment. For the reasons set forth herein, Defendants seek a determination by this Court that Defendants are entitled to judgment as a matter of law, and an Order dismissing with prejudice the action against them.

### LEGAL STANDARD FOR SUMMARY JUDGMENT:

The standards governing motions for summary judgment are well-settled. A court may not properly grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c);

In assessing the record to determine whether there is a genuine issue as to any material fact, the district court is required to resolve all ambiguities and draw all reasonable factual

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

inferences in favor of the party against whom summary judgment is sought. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Balderman v. United States Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989). In ruling on the motion, the court is not entitled to weigh the evidence. See Beatie v. City of New York, 123 F.3d 707, 710-11 (2d Cir. 1997). Rather, if there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is improper. Id. at 711; Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988).

At the summary judgment stage, where a trier of fact reasonably could reach more than one conclusion on a material issue of fact, the proper course for the court is to not resolve the issue by choosing among the possible conclusions, but, instead, to deny summary judgment. LaFond v. General Physics Services Corp., 50 F.3d 165, 174 (2d Cir. 1995) (trial court should not resolve ambiguities or draw inferences in favor of movant for summary judgment); T.S. v. Ridgefield Board of Education, 808 F.Supp. 926, 929 (D. Conn. 1992) (trial court should not resolve factual issues when considering motion for summary judgment).

## ARGUMENT:

**I.    Defendants are entitled to judgment as a matter of law because there was no contract.**

Plaintiff alleges that Defendants breached an express, written contract. Complaint, ¶ 6. Specifically, Plaintiff alleges that on October 8, 1997, "defendants entered into a written contract with the plaintiff pursuant to the terms of which the defendants agreed to represent the plaintiff in litigation to obtain compensation for damage to a sculpture[;]" id.; and that in consideration

for this promise, "plaintiff agreed to pay the defendants hourly fees up to $225.00 per hour." Id. He further alleges that he fully performed under the contract. Complaint ¶ 9. Plaintiff further alleges that Defendants breached their agreement with Plaintiff when they failed timely to "institute suit within that time although they continued to represent the plaintiff then and thereafter." Id. at ¶ 8. Specifically, Plaintiff alleges that the breach occurred "on either May 20, 1998, or May 20, 1999," when "the statute of limitations for instituting litigation on behalf of the said damage expired." Id. Plaintiff further claims that as a result of this alleged breach he has sustained damages in excess of $100,000." Id. at ¶ 10.

"A claim for attorney malpractice, being either in the nature of a tort or a contract action, is a matter of state substantive law." Banker v. Nighswander, Martin & Mitchell, 37 F.3d 866 (2nd Cir. 1994) (*citing* Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). In Connecticut, to form a valid and binding contract, there must be a mutual understanding between the parties of the essential terms that are definite and certain. *See* Ubysz v. DiPietro, 185 Conn. 47, 51 (1981); Augeri v. C.F. Wooding Co., 173 Conn. 426, 429-30 (1977); L&R Realty v. Connecticut National Bank, *supra*, 53 Conn. App. 534; Cavallo v. Lewis, 1 Conn. App. 519, 520 (1984).

Defendants respond that there was no written contract because the October 8, 1997, Retainer Agreement was never executed. 56(a)1 Stmnt. ¶ 7; Exhitit 3 ¶ 9; Exhibit 4 ¶ 12. There was never a meeting of the minds as to essential terms of the Agreement, including what would be the cost and scope of the services to be provided to him by the firm of Sorokin Sorokin Gross

Hyde & Williams, P.C. (the **"Firm"**). As Plaintiff himself testified, he did not execute the proposed contract because he had some questions about the terms:

| | |
|---|---|
| Mr. Weaver: | <u>He sent me an agreement and I called him and told him I had some questions about it.</u> And he said that we would meet and talk about it. He would explain how much this would cost and a projection of how many of these fees ... and that was the last time that he really spoke to me about this, the details of cost. And <u>we never did get together and talk about them</u>. |
| Atty. Banbury: | Therefore <u>you never signed that agreement</u>? |
| Mr. Weaver: | Therefore <u>I never signed the agreement</u>, that is true. |
| Atty. Banbury: | And <u>he hadn't signed it</u>, either? |
| Mr. Weaver: | <u>He hadn't signed it</u>. But we had an agreement that he would take on this case. But I had never met with him to discuss the details of the price. And he continued to send me correspondence. And he continued to make phone calls on my behalf. |

Exhibit 1, p. 57 (emphasis added). Importantly, Plaintiff has not alleged a breach of an oral agreement (which claim would be barred by a three-year statute of limitations pursuant to Conn. Gen. Stat. § 52-581), but a breach of a written contract "pursuant to the terms of which the defendants agreed to represent the plaintiff." No such language appears in the October 8, 1997, letter. *See* Exhibit 5. Additionally, according to its express terms, the Agreement — had it been executed — would have been between Plaintiff and the Firm, not between Plaintiff and either Defendant Apuzzo or Defendant Tulisano. <u>Id.</u>

Defendants further respond that there was no breach. The statute of limitations on a potential bailment contract action against the Hollycroft Foundation, or its director Mr. William

Bendig, would have expired in May 2002, six years from the date that Plaintiff alleges Tippi-Toes was damaged. Similarly, the statute of limitations for a coverage action against Peerless would also have expired in May 2002. Peerless had been timely notified of a claim, and had opened a claim file. These statutes of limitation expired well beyond the time when it had been made clear to Plaintiff that the Firm was unable to assist him.

Defendants are entitled to judgment as a matter of law because there is no genuine issue of material fact that at no time did a contract for legal representation exist between either Plaintiff and Defendant Apuzzo or Plaintiff and Defendant Tulisano. Exhibit 3 ¶ 9; Exhibit 4 ¶ 12. Further, even if there were a contract, there was no breach.

### A. Between Plaintiff And Defendant Apuzzo:

While Plaintiff's Complaint alleges that he hired Defendant Apuzzo to represent him, his own deposition testimony is to the contrary:

| | |
|---|---|
| Mr. Weaver: | I had hired Richard Tulisano to take on this case and he agreed, and if he asked Mr. Apuzzo to do it, I did not ask Mr. Apuzzo to do it, I asked Richard Tulisano. |

Exhibit 1, p. 107 (emphasis added). And further:

| | |
|---|---|
| Atty. Banbury: | Did you ever talk to anybody at his office besides Mr. Apuzzo? |
| Mr. Weaver: | Absolutely not. I had hired Mr. Tulisano. |
| Atty. Banbury: | You had hired Mr. Tulisano. |
| Mr. Weaver: | I had hired Mr. Tulisano. |
| Atty. Banbury: | But you had spoken with Mr. Apuzzo? |
| Mr. Weaver: | I had spoken with Mr. Apuzzo. As he says, I am again closing my file. |

Exhibit 1, p. 111 (emphasis added).

Defendant Apuzzo never met with Plaintiff, and he never performed any services for Plaintiff. Exhibit 4 ¶¶ 13, 14. Defendant Apuzzo never presented Plaintiff with a bill for services, nor received any compensation. Exhibit 4 ¶¶ 15, 16. On at least three occasions, Defendant Apuzzo invited Plaintiff to make an appointment to meet at his office in order to evaluate and discuss the potential claim against Peerless Insurance Company ("**Peerless**") for damages to Tippi-Toes. 56(a)1 Stmnt. ¶¶ 10, 11, 15.

| | |
|---|---|
| Atty. Banbury: | Okay. And did you make arrangements to come into the office and sit down with him? |
| Mr. Weaver: | I was never given a day or a time. |
| Atty. Banbury: | But, I mean, did you like call his secretary and say I'm trying to make an appointment with Jeff Apuzzo? |
| Mr. Weaver: | Oh, heavens no. |

Exhibit 1, pp. 112-13. Because Plaintiff failed to respond to his invitations, Defendant Apuzzo wrote to inform Plaintiff — in definite terms — that he was unable to help him, and should Plaintiff wish to pursue a claim in the future, he should seek the services of other counsel. 56(a)1 Stmnt. ¶¶ 12, 14, 16. Unfortunately, Plaintiff refused to accept Defendant Apuzzo's decision:

| | |
|---|---|
| Mr. Weaver: | I was told [my file] would be sent back. That it had been closed. But <u>I wasn't accepting that</u>. I was hoping that, once again, they would get to work for me. And not just bail out. |

Exhibit 1, p. 114.

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

For the foregoing reasons, Defendant Apuzzo is entitled to judgment as a matter of law because there is no genuine issue of material fact that there was never a contract to pursue litigation between Plaintiff and Defendant Apuzzo.

### B. Between Plaintiff And Defendant Tulisano:

Defendant Tulisano is entitled to judgment as a matter of law because there is no genuine issue of material fact that there was never a contract to pursue litigation between Plaintiff and Defendant Tulisano. Neither Plaintiff nor Defendant Tulisano ever executed the October 8, 1997, contract offered to Plaintiff. The October 8, 1997, letter never promised Plaintiff that the Firm would pursue litigation on Plaintiff's behalf. Moreover, there was never a meeting of the minds as to essential terms of the contract, including what would be the cost and scope of the Firm's services to him.

On Mr. Weaver's behalf, Defendant Tulisano did contact Peerless, and made attempts to help him to recover for damages to Tippi-Toes. As a result o Defendant Tulisano's efforts, Peerless opened a claims file on this matter. However, as Plaintiff testified at his deposition, when Defendant Tulisano's efforts were exhausted, he informed Plaintiff that he was not in the position to help him further as he needed the help of a litigator:

| | |
|---|---|
| Atty. Banbury: | And you had been <u>advised sometime prior to that by Mr. Tulisano that, listen, we have different kinds of lawyers, and at this point, since Peerless does not want to negotiate your claim, I have to give it to a litigator and that's Mr. Apuzzo.</u> |
| Mr. Weaver: | <u>Yes.</u> |
| Atty. Banbury: | <u>You had accepted that notion, didn't you?</u> |
| Mr. Weaver: | <u>Yes.</u> |

Exhibit 1, p. 111 (emphasis added). Defendant Tulisano never billed Plaintiff for any of the efforts he made on Plaintiff's behalf. Exhibit 3, ¶ 10. To the extent of his expertise, he helped Plaintiff, and when he could help the Plaintiff no further, he referred him on to a litigator. 56(a)1 Stmnt. ¶ 9.

For the foregoing reasons, Defendant Tulisano is entitled to judgment as a matter of law because there is no genuine issue of material fact that there was never a contract to pursue litigation between Plaintiff and Defendant Tulisano.

## II. Defendants are entitled to judgment as a matter of law because Plaintiff failed to disclose a standard of care expert:

This case is, in its essence, a legal malpractice action. The legal requirements for proof of professional malpractice or breach of a contract to provide legal services is the same. *See* Celentano v. Grudberg, 76 Conn. App. 119, 124-25 (2003). "In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." Vona v. Lerner, 72 Conn. App. 179, 187-88 (2002) (*citing* Mayer v. Biafore, Florek & O'Neill, 245 Conn. 88, 92 (1998)). In Connecticut, to establish a claim for legal malpractice, a plaintiff must establish the applicable standard of professional skill or care through expert testimony. Vanacore v. Kennedy, 86 F.Supp.2d 42, (D. Conn. 1998) (*citing* Davis v. Margolis, 215 Conn. 408, 416, n.6 (1990)); *see also* Dunham v. Dunham, 204 Conn. 303, 317 (1987), *subsequent appeal overruled on other grounds*, 217 Conn. 24 (1991). "The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury and the presiding judge, to understand the

One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

applicable standard of care and to evaluate the defendant's actions in light of that standard." Fitzmaurice v. Flynn, 167 Conn. 609, 617 (1975).

In Celentano v. Grudberg, *supra*, 76 Conn. App. 119 (2003), a breach of contract action by plaintiffs against their former attorneys, the trial court directed a verdict for the defendants when the plaintiffs failed to elicit expert testimony as to the applicable standard of care. Id. at 122-23. The defendants appealed, arguing that in a breach of contract action, expert testimony was not required. The Appellate Court concluded that the standard of proof required in a breach of contract action was the same as in a negligence action, and that expert testimony as to the applicable standard of care was essential. Id. at 127. "In the absence of an express promise to see a claim through to conclusion, an attorney will breach the contract only if his performance fails to comply with the applicable standard of care." Id. at 126.

In the case at bar, Plaintiffs have not disclosed any expert witnesses. The deadline for Plaintiff to disclose any expert witnesses was May 1, 2003, with depositions of all expert witnesses to be completed by October 1, 2003. It was the Plaintiff's obligation to provide expert testimony to prove breach by Defendants for failure to conform to the applicable standard of care for an attorney practicing law in the State of Connecticut. Moreover, there are at least three material facts which must be explained to the finder of fact by expert testimony: (1) what constitutes a valid retainer agreement between an attorney and a client; (2) the applicable standard of care in performance of an agreement by Defendants in seeking to help Plaintiff recover for damage to personal property; and (3) the significance of statutes of limitations.

For the foregoing reasons, Defendants are entitled to judgment as a matter of law.

## CONCLUSION:

For the reasons stated above, Defendants requests that the Court enter an Order GRANTING Defendants' Motion for Summary Judgment, and DISMISSING with prejudice Plaintiff's Complaint against Defendant Apuzzo and Plaintiff's Complaint against Defendant Tulisano.

By: *Brenda M. Hamilton*
Brenda M. Hamilton
Ct23683
Richard F. Banbury of
Ct06847
ROME MCGUIGAN SABANOSH, P.C.
One State Street
Hartford CT  06082
Telephone:  860-549-1000
Telefax:  860-724-3921

## CERTIFICATION OF SERVICE

This is to certify that copies of the foregoing were served via First Class, U.S. Mail, postage prepaid, on this 5th day of November, 2003, upon the following attorneys of record:

John R. Williams, Esq.
WILLIAMS & PATTIS
51 Elm Street
New Haven, CT 06510

*Brenda M. Hamilton*
Brenda M. Hamilton

7647-20//363605