IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER WEAVER | ) NO. 3:02-CV-1328 (AHN) |
| Plaintiff, | ) |
| v. | ) |
| JEFFERY P. APUZZO and RICHARD D. TULISANO | ) |
| Defendants. | ) NOVEMBER 5, 2003 |

LOCAL RULE 56(a)1 STATEMENT

1. Plaintiff Peter Weaver is an artist and self-described sculptor. Between 1980 and 1995, Plaintiff sold approximately 20 pieces of his work. Weaver Depo., 1/16/03, pp. 16-17 (attached hereto as **Exhibit 1**). Up until the end of 1995, the most that Plaintiff had ever been paid for a piece of his work was approximately $1,500. Id. at 16.

2. Between June of 1995 and May of 1996, in workshops in Glastonbury and Wethersfield, utilizing boat-building techniques, Plaintiff created a sculpture called Tippi-Toes I (**"Tippi-Toes"**). Id. at 14, 20, 64. Tippi-Toes is a ten-foot tall sculpture made with laminated wood, polyester resin, fiberglass and epoxy resin, and various adhesives. Id. at 27, 64-5.

3. In May of 1996, Plaintiff entered Tippi-Toes into the Hollycroft International Exhibition. Plaintiff signed a contract with the Hollycroft Foundation, and paid $35 to buy into the Exhibition's group insurance policy from Peerless Insurance Company (**"Peerless"**). Id. at 24-5. Tippi-Toes was insured for $70,000. (Insurance Declaration page is attached hereto as **Exhibit 2**); Tulisano Aff. ¶ 3 (attached hereto as **Exhibit 3**); Apuzzo Aff. ¶ 2 (attached hereto

as **Exhibit 4**). On May 18, 1996, Plaintiff delivered and assembled Tippi-Toes on the grounds of the Hollycroft Foundation in Essex, Connecticut. Weaver Depo, pp. 35-6.

4. Plaintiff put a price tag of $100,000 on Tippi-Toes. Id. at 50. Tippi-Toes was never appraised. Id. at 50. The pieces in the Hollycroft Exhibition were all for sale, in the event of a sale, Plaintiff would pay a thirty percent commission to Mr. Bendig of the Hollycroft Foundation. Id. at 22-3. There were never any offers for Tippi-Toes. Id. at 39.

5. On Wednesday, May 22, 1996, Mr. William Bendig, the director of the Hollycroft Foundation called Plaintiff and informed him that due to severe weather sometime during the previous two days, Tippi-Toes had been damaged. Id. at 33-4. It appeared that Tippi-Toes had blown over, colliding with a large concrete planter, smashing both pieces. Id. at 35.

6. On October 5, 1997, Defendant Tulisano met with Plantiff at the Rocky Hill office of Sorokin Sorokin Gross Hyde & Williams, P.C. concerning the damage to Tippi-Toes. Tulisano Aff. ¶ 2.

7. On October 8, 1997, Defendant Tulisano submitted a client Retainer Agreement to Plaintiff. The Retainer Agreement was based on an hourly fee billing protocol. Tulisano Aff. ¶ 4. The Agreement specifically stated, "[t]he rules of professional conduct require that we enter into a fee agreement between you and Sorokin Sorokin Gross Hyde & Williams, P.C. concerning the matter referenced above . . . I will continue to be Attorney-in-Charge of your file, but other Attorneys will be working on these files as well. You have requested this Firm to represent you in the above-captioned matter and you have agreed to pay us for the time spent at your customary hourly rates upon such fees already established by myself and you under some

2

separate agreement." The proposed retainer agreement concludes, "[p]lease forward a signed copy to this office for our file. If you fail to return such a signed copy, it would indicated to us that you do not wish our office to represent you." Neither Mr. Weaver nor Defendant Tulisano ever executed this Agreement. 10/8/97 letter (attached hereto as **Exhibit 5**); Tulisano Aff. ¶ 4; Weaver Depo., p. 57.

8. From October of 1997 and through June of 1998, acting on Peter Weaver's behalf, Defendant Tulisano engaged in a number of communications with Peerless and the writing agent, J.N. Layton & Company of Norwalk, Connecticut, including, but not limited to, submitting photographs and narratives from Mr. Weaver concerning the damage to his sculpture. Tulisano Aff. ¶ 5; Weaver Depo., p. 57. Peerless opened a claim file (#400407660), specifying Hollycroft Foundation as the insured and May 20, 1996, as the date of loss. Tulisano Aff. ¶ 6.

9. On June 18, 1998, Defendant Tulisano referred this matter to Defendant Apuzzo for evaluation and possible litigation, and for his determination of whether or not to handle this matter. Tulisano Aff. ¶ 7; Apuzzo Aff. ¶ 3.

10. On July 16, 1998, Defendant Apuzzo sent Plaintiff a letter asking Plaintiff to contact him "[i]n order to allow us to evaluate this matter for purposes of commencing a lawsuit . . . ." 7/16/98 letter (attached hereto as **Exhibit 6**); Apuzzo Aff. ¶ 4.

11. On August 5, 1998, Defendant Apuzzo sent Plaintiff a second letter against asking Plaintiff to contact him "to discuss you claim related to the damages sustained by the art work which you created." 8/5/98 letter (attached hereto as **Exhibit 7**); Apuzzo Aff. ¶ 5.

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

12. Finally, on August 14, 1998, Defendant Apuzzo sent Plaintiff a third letter stating that as he had not heard from Plaintiff, he assumed that Plaintiff no longer wished to pursue a claim against Peerless, and he advised Plaintiff that he was closing the file. Defendant Apuzzo also cautioned Plaintiff: "[p]lease be mindful that should you wish to exercise your claim in the future, you may encounter a statute of limitations problem which will preclude assertion of your claim." 8/14/98 letter (attached hereto as **Exhibit 8**); Apuzzo Aff. ¶ 6.

13. On August 18, 1998, Plaintiff called Defendant Apuzzo. Plaintiff left a message acknowledging receipt of Defendant Apuzzo's August 14, 1998, letter. Apuzzo Aff. ¶ 7.

14. On August 26, 1998, Defendant Apuzzo sent Plaintiff a letter confirming that he was in receipt of Plaintiff's telephone message, but re-stating that he had closed the file, and returned it to Defendant Tulisano, "I suggest that you contact Mr. Tulisano regarding this matter as I am no longer involved. Additionally, in light of several commitments which I have recently undertaken, I do not anticipate that I will have sufficient time to render services with respect to this matter." 8/26/98 letter (attached hereto as **Exhibit 9**); Apuzzo Aff. ¶ 8.

15. At Defendant Tulisano's request, Defendant Apuzzo gave Plaintiff one final opportunity to discuss pursuing a claim, and on October 28, 1998, Defendant Apuzzo sent Plaintiff a letter inviting Plaintiff to contact him about pursing a claim "relating to the damage of your personal property while in the possession of Hollycroft Foundation in Essex, Connecticut." Defendant Apuzzo also informed Plaintiff that when they met, it would be necessary to "review some of the preliminary details relating to your claim and we will also discuss an

4

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

appropriate fee arrangement[,]" as Defendant Apuzzo was unable to handle the matter on a pure contingency fee basis. 10/28/98 letter (attached hereto as **Exhibit 10**); Apuzzo Aff. ¶ 9.

16. Ultimately, on November 6, 1998, Defendant Apuzzo sent Plaintiff a last letter wherein he finally and definitely severed any connection with Plaintiff: "[a]s of the date of this letter, I have received no response to my correspondence to you of October 28, 1998, in which I asked you to call my office to schedule an appointment. Having received no reply from you, I am again closing my file." 11/6/98 letter (attached hereto as **Exhibit 11**); Apuzzo Aff. ¶ 10;

17. On June 18, 1999, Defendant Tulisano sent Plaintiff a letter wherein he reminded Plaintiff of Defendant Apuzzo's many attempts to contact him about pursuing his claim. 6/18/99 letter (attached hereto as **Exhibit 12**). On June 21, 1999, Defendant Apuzzo too sent a to Plaintt a letter wherein he states unequivocally, "

> As you will recall, during our telephone conversation of approximately one year ago, I indicated that I was not interested in pursuing this claim based upon the numerous letters which I had written to you and the fact that I had not heard from you in response to those letters. So there is no misunderstanding, my position in this regard has not changed. Therefore, I suggest if you are serious about pursuing your claims, you seek the services of another lawyer. This firm can be of no assistance to you on this matter.

6/21/99 letter (attached hereto as **Exhibit 13**); Apuzzo Aff. ¶ 12; Weaver Depo., p. 107

18. On June 29, 1999, Defendant Tulisano sent Plaintiff a letter wherein Defendant Tulisano reiterates that there is no attorney-client relationship between Plaintiff and Defendants.

> I did the best I was able to, with what I had to work with. I did not have any cooperation from the Insurance Company for the

5

> Hollycroft Foundation; and you were not able to provide me with the names and addresses of witnesses to contact. Therefore I turned your file over to our litigation department in June of 1998, a copy of my memo is enclosed for your information. . . . Since we have a relationship that has broken down with Attorney Apuzzo, our litigation attorney, I have no further control over this matter. We have spoken with him once again, and as he is adamant about not reopening this file. I am sorry to advise you that we can no longer be of assistance to you in this matter. Therefore, we are returning your documentation and reiterating what Attorney Apuzzo has advised, and that is that you should obtain the services of another lawyer, if you are serious in pursing your claim.

Weaver Depo., pp. 105-06, Exh. 10A; 6/29/99 letter (attached hereto as **Exhibit 14**); Tulisano Aff. ¶ 8.

19. On or about July 31, 2002, Plaintiff filed the present Complaint alleging breach of a written contract. (attached hereto as **Exhibit 15**).

By: *Brenda M. Hamilton*
Brenda M. Hamilton
Ct23683
Richard F. Banbury of
Ct06847
ROME MCGUIGAN SABANOSH, P.C.
One State Street
Hartford CT 06082
Telephone: 860-549-1000
Telefax: 860-724-3921

## CERTIFICATION OF SERVICE

This is to certify that copies of the foregoing were served via First Class, U.S. Mail, postage prepaid, on this 5th day of November, 2003, upon the following attorneys of record:

John R. Williams, Esq.
WILLIAMS & PATTIS
51 Elm Street
New Haven, CT  06510

*Brenda M. Hamilton* (signature)
Brenda M. Hamilton

7647-20//363605

7

*Rome McGuigan Sabanosh, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut  06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726