FILED

2003 NOV 26  A 11: 23

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER WEAVER | : |
| VS. | : NO. 3:02CV1328 (AHN) |
| JEFFERY P. APUZZO and RICHARD D. TULISANO | : NOVEMBER 25, 2003 |

## BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

This is an action for breach of a contract to deliver specified legal services. The plaintiff, a sculptor, alleges that the defendants, who at the time both were members of a Hartford-based law firm with offices in Rocky Hill, contracted to represent him in connection with severe damage inflicted upon one of his sculptures while it was on display at the Hollycroft Foundation's 16th Sculpture Exhibition in Ivoryton during the late spring and early summer of 1996. The defendants have moved for summary judgment.[1]

"The standards governing summary judgment are well-settled. Summary judgment is appropriate only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits..., show that there

---

[1] The plaintiff agrees that the evidence shows that defendant Apuzzo did not have a separate contractual relationship with him and, therefore, the action against defendant Apuzzo is withdrawn. The plaintiff pursues this action only against defendant Tulisano.

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists.

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant....Summary judgment is improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

When the moving party "'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." Giannullo v. City of New York, 322 F.3d 139, 140-41 (2nd Cir. 2003), quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, 160 (1970). "[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003).

When passing upon a motion for summary judgment, the court may not resolve factual disputes or make credibility determinations, even if the case is one which eventually will be tried without a jury. In re Unisys Savings Plan Litigation, 74

F.3d 420 (3d Cir. 1996). Rather, the court must resolve any ambiguities and draw all inferences against the moving party. Appleton v. Board of Education, 254 Conn. 205, 757 A.2d 1059 (2000); Cargill, Inc. v. Charles Kowsky Resources, Inc., 949 F.2d 51 (2d Cir. 1991). The evidence of the party against whom summary judgment is sought must be believed. Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994). The court must construe the evidence in the light most favorable to the party opposing summary judgment and deny the motion unless no construction of the evidence could support judgment in the plaintiff's favor. Appleton, supra; Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Olin Corp. v. Consolidated Aluminum Corp., 5 F.3d 10, 14 (2d Cir. 1993); United States v. Certain Funds on Deposit in Scudder Tax Free Investment Account #2505103, 998 F.2d 129 (2d Cir. 1993); Union Pacific Corp. v. United States, 5 F.3d 523, 525 (Fed. Cir. 1993); Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434 (1980); Connell v. Colwell, 214 Conn. 242, 246-47 (1990). "If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

To raise a genuine issue of material fact sufficient to defeat a summary judgment motion, the opponent need not match, item for item, each piece of evidence proffered by the moving party. So long as the opponent has offered

enough evidence to exceed the "mere scintilla" threshold, summary judgment is to be denied. In re Unisys Savings Plan Litigation, supra, 74 F.3d 420, 433.

Even if the nonmoving party's evidence appears "implausible," the court may not "weigh" the evidence and must proceed with the greatest caution. R. B. Ventures, Ltd. v. Shane, 112 F.3d 54, 58-59 (2d Cir. 1997). "If reasonable minds could differ as to the import of the evidence...and if...there is any evidence in the record from any source from which a reasonable inference in the nonmoving party's favor may be drawn, the moving party simply cannot obtain a summary judgment." Id. at 59, quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988), and In re Japanese Elec Prods. Antitrust Litigation, 723 F.2d 238 (3d Cir. 1983) (internal quotation marks omitted).

"A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non moving party.' Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, '[i]f, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir. 1997). Citing Gummo v. Village of Depew, 75 F.3d 98, 107 (2d Cir. 1996).

The evidence in this case shows that the plaintiff's sculpture was severely damaged during a windstorm on or about May 20, 1996. The damage to the sculpture was caused by the negligence of the Hollycroft Foundation's employees in

failing, as they had promised, to remove a heavy stone planter located near the base of the sculpture. When the heavy wind blew the sculpture over, it smashed against that planter, which caused the damage. The plaintiff retained defendant Tulisano in October of 1997 to handle this negligence action. Although defendant Tulisano initially proposed in writing to handle the case on an hourly fee basis, the impecunious artist could not afford such terms and Tulisano modified the contract and agreed to handle the case on a contingency fee basis.[2] Tulisano thereafter worked on the case, but was preoccupied with his legislative duties. The plaintiff, concerned, repeatedly telephoned Tulisano to inquire about the statute of limitations.

The statute of limitations for negligence actions was and is two years. Conn. Gen. Stat. § 52-584. It expired on May 20, 1998. *One month after the statute of limitations had expired*, Tulisano referred the matter to Apuzzo. Apuzzo ultimately declined to accept the referral and sent the matter back to Tulisano, who eventually told the plaintiff and his mother that he had done what he could and suggested to the plaintiff that he sue him.

Defendant Tulisano contends that there was no contract between himself and the plaintiff. The plaintiff's evidence, however, supports a finding that there was

---

[2] This fact is confirmed separately by both parties. The plaintiff so testified at his deposition, and defendant Tulisano created an internal written memorandum (to defendant Apuzzo, in fact) also attesting to this fact.

such a contract. While Tulisano's initial draft was not agreed to insofar as it proposed an hourly fee arrangement, the parties reached a mutual understanding modifying that to a contingency fee arrangement and defendant Tulisano reduced that understanding to written form maintained within his office. He thereafter undertook the representation and carried out several actions in furtherance of that understanding.

"Whether a contractual commitment has been undertaken is ultimately a question of the intention of the parties. Intention is an inference of fact...." Otto Contracting Co. v. S. Schinella & Son, Inc., 179 Conn. 704, 709, 427 A.2d 856 (1980). "Whether the parties intended legally to bind themselves...is to be determined from (1) the language used, (2) the circumstances surrounding the transaction, and (3) the purpose that they sought to accomplish." Fowler v. Weiss, 15 Conn. App. 690, 694, 546 A.2d 321, cert. denied, 209 Conn. 814, 550 A.2d 1082 (1988), citing Klein v. Chatfield, 166 Conn. 76, 80, 347 A.2d 58 (1974).

"To ascertain the parties' intent, the courts consider not only the language used in the contract but also the circumstances surrounding the making of the contract, the motives of the parties and the purposes which they sought to accomplish." Harvey v. Daddona, 29 Conn. App. 369, 375, 615 A.2d 177 (1992); quoted in Colby v. Burnham, 31 Conn. App. 707, 714 (1993).

"[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v.

Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), citing Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).

The second, and only remaining, ground on which defendant Tulisano seeks summary judgment is the fact that the plaintiff has not disclosed an expert witness on the standard of care.

Connecticut has unequivocally rejected the notion that all claims against attorneys must be treated as malpractice claims and has held expressly that breach of contract claims will lie against attorneys arising out of aspects of the attorney-client relationship where the elements of a breach of contract claim are present. Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 530, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356 (1989). See Westport Bank & Trust Co. v. Corcoran, Mallin & Aresco, 221 Conn. 490, 494 fn. 5, 605 A.2d 862 (1992); Stowe v. Smith, 184 Conn. 194, 441 A.2d 81 (1981); Dean v. Hershowitz, 119 Conn. 398, 177 Atl. 262 (1935); Stevens v. Yale, 101 Conn. 683, 693, 127 Atl. 283 (1925). In a case decided earlier this year, Celentano v. Grudberg, 76 Conn. App. 119 (2003), the court held that in actions for breach of contract, expert testimony *may* be required if the alleged breach involves an alleged deviation from the standard of care in a manner not within the common knowledge of lay persons. While Celentano did effect a change in the law, it did not alter the rule which applies even in malpractice cases that expert testimony is not required "where there is such an

obvious and gross want of care and skill that t he neglect is clear even to a lay person." Paul v. Gordon, 58 Conn. App. 724, 727-28, 754 A.2d 851 (2000), quoting Shegog v. Zabrecky, 36 Conn. App. 737, 750-51, 654 A.2d 771, cert. denied, 232 Conn. 922, 656 A.2d 670 (1995). This is such a case.

The breach of contract alleged here is simply the failure to file the plaintiff's negligence suit within the statute of limitations period. The statute of limitations is a matter of law concerning which the court will instruct the jury. The fact that Tulisano did not file suit within the statutory period is undisputed. Such a case can be presented to a jury without expert testimony.

Defendant Tulisano's motion for summary judgment must be denied.

Respectfully submitted:

JOHN R. WILLIAMS (ct00215)
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
Plaintiff's Attorney

**CERTIFICATION OF SERVICE**

On the date above stated, a copy hereof was mailed to Attorneys Richard F. Banbury and Brenda M. Hamilton at Rome McGuigan Sabanosh, P.C., One State Street, Hartford, CT 06103.

JOHN R. WILLIAMS