

2003 NOV 26  A 11: 23

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER WEAVER | : |
| VS. | : NO. 3:02CV1328 (AHN) |
| JEFFERY P. APUZZO and RICHARD D. TULISANO | : NOVEMBER 25, 2003 |

## PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

**I   RESPONSES TO DEFENDANTS' CLAIMS OF FACT**

1. Agree.
2. Agree.
3. Agree.
4. Agree.
5. Agree.
6. Agree.
7. Agree.
8. Agree.
9. Agree.
10. Agree.
11. Agree.
12. Agree.

13. Agree.

14. Agree.

15. Agree.

16. Agree that defendant Apuzzo sent the letter. Its contents speak for itself. Otherwise, disagree as the defendant has offered no factual basis for the remaining assertions of this paragraph.

17. Agree that defendant Tulisano sent plaintiff a letter dated June 18, 1999. Disagree with any attempt to characterize the contents or meaning of that letter because it speaks more accurately for itself. Agree that defendant Apuzzo sent plaintiff a letter on June 21, 1999, and that the quotation set forth is an accurate one. Otherwise disagree with the factual assertions concerning that letter as the letter's contents do not support such assertions.

18. Agree that defendant Tulisano sent the plaintiff a letter on June 19, 1999, and that the quotation is an accurate one. Otherwise, disagree with the purported characterization of the contents of the letter as the letter does not support such characterization.

19. Agree.

## II   PLAINTIFF'S STATEMENT OF MATERIAL FACTS

1. Defendant Tulisano became the plaintiff's attorney on October 8, 1997, for the specific purpose of representing him in connection with damage to a sculpture created by the plaintiff. (Defendants' Exhibit 5)

2. Defendant Tulisano advised the plaintiff in writing that he had agreed to represent the plaintiff regarding that matter. (Ibid.)

3. Defendant Tulisano and the plaintiff modified the original proposed written contract so that the defendant Tulisano agreed to represent the plaintiff on a contingency fee basis rather than on an hourly fee basis. (Memorandum from Tulisano to Apuzzo dated June 18, 1998 -- Plaintiff's Exhibit A; Plaintiff's Deposition Transcript, p. 108)

4. The matter which defendant Tulisano contracted to handle for the plaintiff concerned damage to a sculpture created by the plaintiff while it was on display at the Hollycroft 16th International Sculpture Conference at Ivoryton, Connecticut, June 9 through August 18, 1996. (Plaintiff's Exhibit B)

5. The matter which defendant Tulisano contracted to handle for the plaintiff was a negligence claim. The damage to the plaintiff's sculpture was caused when the sculpture, blown down in a high wind, smashed against a large concrete planter which was supposed to have been removed by the Hollycroft Foundation but had not been removed. (Plaintiff's Deposition Transcript, p. 35)

6. The negligence, and the resulting damage to the plaintiff's sculpture, occurred within two days after the sculpture was installed, on May 18, 1996. (Id. pp. 33-36)

7. Defendant Tulisano told the plaintiff that his negligence claim was worth one hundred thousand dollars ($100,000). (Id. p. 50)

8. Thereafter, defendant Tulisano and/or his staff repeatedly told the plaintiff that defendant Tulisano was busy in the legislature and that the plaintiff would have to wait. (Id. pp. 54, 58)

9. The plaintiff was very concerned about the statute of limitations on his claim and repeatedly asked defendant Tulisano about that. (Id. pp. 54-55)

10. Although the original written contract drafted by defendant Tulisano was not signed by the parties, defendant Tulisano thereafter did agree to handle the case for the plaintiff and corresponded with the plaintiff on many occasions confirming that he in fact had agreed to do so. (Id. p. 57)

11. On a Friday in the summer of 1998, the plaintiff received a letter from defendant Apuzzo. The plaintiff responded to that letter by calling defendant Apuzzo the very next Monday. This was the first letter the plaintiff actually received from defendant Apuzzo. (Id. pp. 91-92)

12. Defendant Apuzzo claimed he had sent prior letters to the plaintiff, told the plaintiff he would not be interested in taking the plaintiff's case, and told the plaintiff to contact defendant Tulisano. The plaintiff did so. (Id. p. 93)

13. The plaintiff's reaction to defendant Apuzzo's statement was outrage because the plaintiff had been pressing defendant Tulisano for a very long time to work on his case, without much success, and defendant Apuzzo was falsely accusing the plaintiff of not being interested in his case. (Id. p. 100)

14. The plaintiff contracted with defendant Tulisano; he did not contract with defendant Apuzzo. Defendant Apuzzo's only role, if he had any role at all, was to assist defendant Tulisano. (Id. pp. 107-08)

15. Defendant Tulisano's last words to the plaintiff were: "Sue me." (Id. p. 109)

THE PLAINTIFF

BY: _____
JOHN R. WILLIAMS (ct00215)
51 Elm Street, Suite 409
New Haven, CT 06510
(203) 562-9931
FAX: (203) 776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney

**CERTIFICATION OF SERVICE**

On the date above stated, a copy hereof was mailed to Attorneys Richard F. Banbury and Brenda M. Hamilton at Rome McGuigan Sabanosh, P.C., One State Street, Hartford, CT 06103.

_____
JOHN R. WILLIAMS