IN THE UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PETER WEAVER** | ) | NO. 3:02-CV-1328 (AHN) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JEFFERY P. APUZZO** | ) | |
| and **RICHARD D. TULISANO** | ) | |
| | ) | |
| Defendants. | ) | APRIL 25, 2005 |

### DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant[1] Richard D. Tulisano ("Defendant") hereby objects to Plaintiff's Motion for Reconsideration of the Court's March 31, 2005 ruling granting summary judgment in favor of Defendant.

The relevant facts are as follows. This action was filed by Plaintiff, Peter Weaver, in July 2002. The deadline for Plaintiff to disclose expert witnesses was May 1, 2003. [See Report of Parties Planning Meeting, Docket Entry 13.] Depositions of all experts were to be completed by October 1, 2003. [See id.] Plaintiff did not disclose any expert witnesses.

On November 5, 2003, Defendant filed a Motion for Summary Judgment and a Memorandum of Law in Support of Motion for Summary Judgment. One of the bases for

---

[1] On June 8, 2004, the Court Ordered a Stipulation of Dismissal as to Defendant Jeffrey P. Apuzzo.

Defendant's Motion for Summary Judgment was that Defendant was entitled to judgment as a matter of law because Plaintiff failed to disclose an expert witness, which is essential for establishing a claim for legal malpractice. [See Defendants' Memorandum of Law in Support of Motion for Summary Judgment, Docket Entry 17.] On November 26, 2003, Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Summary Judgment in which Plaintiff argued, among other things, that he was not required to disclose an expert witness because, in this case, there was such an obvious and gross want of care and skill on the part of Defendant that Defendant's neglect would be clear even to a lay person. [See Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Docket Entry 19.]

On March 14, 2005, the Court heard oral argument on Defendant's Motion for Summary Judgment and Plaintiff's Opposition thereto.[2] On March 31, 2005, the Court entered its Order granting summary judgment in favor of Defendant. [See Docket Entry 27.] Thereafter, the Court entered Judgment in favor of Defendant. [See Docket Entry 28.] On April 4, 2005, Plaintiff filed the present Motion for Reconsideration.

**ARGUMENT**

As the basis for his Motion for Reconsideration, Plaintiff argues that the Court based its decision to grant summary judgment in favor of Defendant on the Court's understanding that Plaintiff's counsel had asserted at oral argument that he did not intend to call any expert

2

witnesses at trial when, in fact, Plaintiff's counsel had stated to the Court that, "he had not thought that an expert was necessary but that, in the light of the Appellate Court's intervening ruling in *Celentano* v. *Grudberg*, 76 Conn. 119 (2003), he now would seek to call such a witness." [Plaintiff's Motion for Reconsideration, p.1].

Plaintiff's Motion for Reconsideration should be denied. At the outset, Defendant notes that *Celentano* v. *Grudberg*, 76 Conn. App. 119 (2003), was not an "intervening" ruling. The *Celentano* opinion was officially released for publication on April 8, 2003. Thus, Plaintiff was on notice of the holding in *Celentano* prior to the May 1, 2003 deadline for disclosing expert witnesses, prior to the time that Defendant filed his Motion for Summary Judgment dated November 5, 2003, and prior to oral argument on Defendant's Motion for Summary Judgment, which was held on March 14, 2005.[3]

Furthermore, although Plaintiff's counsel did state during oral argument that, in light of the holding in *Celentano*, he now would seek to call an expert witness, Plaintiff's counsel indicated that he would offer expert testimony that the statute of limitations for bringing a

---

[2] A copy of the transcript of the hearing at which the Court heard oral argument on the Motion for Summary Judgment is attached hereto as Exhibit A.

[3] In fact, in his Memorandum of Law in Support of Motion for Summary Judgment, Defendant relied on *Celentano* for the proposition that, regardless of the fact that Plaintiff characterized his claim as a breach of contract claim, Plaintiff's claim was, in essence, a malpractice claim, which must be proved by expert testimony. In his Opposition, Plaintiff argued that although *Celentano* had held that, in actions for breach of contract, expert testimony may be required if the alleged breach involves an alleged deviation from the standard of care in a manner not within the common knowledge of lay person, the holding in *Celentano* was not controlling here because, in the present case, Defendant's neglect was so obvious and gross that it would be within the common knowledge of lay persons and, therefore, expert witness testimony was not required.

3

negligence claim is two years and that Defendant was negligent in failing to file such a negligence action against the Hollycroft Foundation within the applicable two-year period. [See Exhibit A, pp. 30-31.[4]] Later, however, when the Court asked Plaintiff's counsel whether

---

[4] The following colloquy took place between the Court and Plaintiff's counsel:

| | |
|---|---|
| The Court: | What are you going to do about an expert? You intend to offer an expert? |
| Mr. Williams: | I don't think that an expert is needed, Your Honor. |
| The Court: | Well, are you going to offer one? |
| Mr. Williams: | If the Court were to hold that an expert was needed, I would offer an expert. That's the easiest thing in the world, to get an expert to say the statute of limitations is two years, and he blew the statute.<br><br>I mean, I could – I can ask the Court to be an expert and say, "Take judicial notice."<br><br>I really think that – |
| The Court: | Well, it's not up to me to – |
| Mr. Williams: | -- barring a statute of – |
| The Court: | It's not up to me to tell you how to try your case, or prove it or document it. The question is – The issue has been raised that you – that in order to pursue this claim, you have to have an expert, so the question I'm asking you is do you or do you not intend to offer an expert? |
| Mr. Williams: | Yeah. Your Honor, I will say this. As you know, the case of <u>Celentano v. Grudberg</u>, upon which the defense relies, was decided after this lawsuit was filed.<br><br>Up until <u>Celentano v. Grudberg</u>, there had never been a case that had held that you needed an expert witness on a breach of contract between a lawyer and a client. In – So therefore, the deadline for disclosing an expert came and went and I saw no need to disclose one. |

4

he intended to offer expert testimony as to whether Plaintiff would have prevailed in a negligence action against the Hollycroft Foundation had Defendant brought such an action within the applicable statutory period, Plaintiff's counsel asserted that he did not intend to offer expert testimony to establish that Plaintiff would have prevailed in a negligence action against the Foundation because the Foundation's negligence was so obvious that no expert testimony would be required. [See Exhibit A, pp. 35-37.[5]] In granting summary judgment in favor of

---

> In the light of Celentano v. Grudberg, which, of course, came down after, I think, -- even after this motion was filed, at this point, yes, I would, to be on the safe side, disclose an expert.

Exhibit A, pp. 30-31.

[5] The following colloquy took place between the Court and Plaintiff's counsel:

| | |
|---|---|
| The Court: | Do you have to prove, Mr. Williams, that if Mr. Tulisano had brought the action, that he would have prevailed? |
| Mr. Williams: | If it were a legal malpractice action, the answer to that would be "Yes." |
| The Court: | So if it were a legal malpractice action, you'd have to prove that, and the only way you could prove that, of course, was – is through expert testimony, correct? |
| Mr. Williams: | No. No, that's not true. |
| The Court: | How would you prove it then? |
| Mr. Williams: | It wouldn't – Because if it – this is all hypothetical because this is not a legal malpractice action, but I'll come back to that in a moment. |
| | If it were, what we'd have to prove is that if he had filed the negligence action, he would have won the negligence action. He wouldn't need an expert to prove that because you could simply prove that by the problem that – the promise of the gentleman who ran the Hollycroft Foundation, which Mr. Weaver would testify about, that everybody agreed that this rock was a danger to the sculpture, that if the sculpture |

5

Defendant, the Court expressly disagreed with Plaintiff that, as a matter of law, the Foundation's negligence was so obvious that no expert testimony was needed to establish that Plaintiff would have prevailed in an action against the Foundation. [See <u>Weaver v. Apuzzo</u>, Docket No. 3:02-cv-1328 (AHN), Ruling on Motion for Summary Judgment, March 31, 2005, Entry 27, p.9.]

|  |  |
|---|---|
|  | blew over it and we had to – the sculpture was susceptible to land, and if it would be destroyed on that rock, that he promised he would remove that rock, that he failed to remove that rock, and in failing to remove that rock, of course, he created a dangerous condition. High wind arose, the sculpture fell, hit the rock and was destroyed. So I don't think you need a – you don't need an expert to prove that. |
|  | In terms of damages, once again, Mr. Weaver's testimony on damages is sufficient to take his case to a jury, so we would not need an expert for any of that. |
|  | This, of course, is a breach of contract action, where we say he promised to bring the action. We can prevail on liability without showing that the action would have been successful; however, in terms of damages, I suppose in order to get the hundred thousand dollar damages we're talking about, we would need to bring in the evidence that – |
| The Court: | Well, that was gonna be my next question. If it's not a legal malpractice claim, but it's a breach of contract claim, what is – and if you prevail, let's assume, what is the measure of damages? |
| Mr. Williams: | Unless we prove consequential damages, we'd be limited to the contract – the money paid under the contract which, in this case, was nothing, so we wouldn't do very well. We'd have to prove – If we were going to collect our hundred thousand dollars, we'd have to prove that indeed the action would have produced that hundred thousand dollars, and how we would prove that is exactly what I just said, without an expert. |
| The Court: | Without an expert? |
| Mr. Williams: | Don't need an expert. Don't need at expert. . . . |

Exhibit A, pp. 35-37.

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

After concluding that Plaintiff's contract claim was "nothing more than a negligence claim clothed in contract garb", the Court noted in its Ruling on Motion for Summary Judgment that, despite Plaintiff's argument to the contrary, it would not be clear to a lay person that Defendant failed to exercise due care in handling Plaintiff's claim and that Defendant's failure to do so was the proximate cause of Plaintiff's injury. [See id, at 9 and 11.] Further, the Court explained that, contrary to Plaintiff's argument, Plaintiff's underlying negligence claim against the Foundation was not as straight-forward as he had painted it and, therefore, expert testimony would have been needed to prove that Plaintiff would have prevailed in a negligence action against the Foundation. [Id., at 8-9, 12.] Consequently, the Court concluded that "[b]ecause Weaver has not, and does not intend to offer at trial any expert testimony to establish the essential elements of his malpractice claim against Tulisano, his claim cannot be sustained." [Id., at 13]

Accordingly, the Court's ruling granting summary judgment in favor of Defendant was not based on a misunderstanding that Plaintiff's counsel did not intend to offer any expert witnesses at trial as has been argued by Plaintiff in his Motion for Reconsideration. Instead, the Court's ruling was based, at least in part, on the representations of Plaintiff's counsel that he did not intend to offer expert testimony as to causation, namely whether Plaintiff would have prevailed in a negligence action against the Foundation had Defendant brought such an action

*Rome McGuigan, P.C.* • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

within the applicable time period, which Plaintiff was required to do in order to maintain his claim for legal malpractice. See, e.g., Alexandru v. Strong, 81 Conn. App. 68, 75-77 (2003).

For the reasons set forth above, Plaintiff's Motion for Reconsideration should be denied.

By: /s/ Bridget M. Ciarlo
Bridget M. Ciarlo
Fed Bar No: ct418913
Richard F. Banbury of
Fed Bar No: ct06847
ROME MCGUIGAN, P.C.
One State Street
Hartford CT 06082
Tel.: 860-549-1000
Fax: 860-724-3921
Email: bciarlo@rms-law.com
Email: rbanbury@rms-law.com

*Rome McGuigan, P.C.* • *Attorneys at Law*
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726

## CERTIFICATION OF SERVICE

This is to certify that copies of the foregoing were served via First Class, U.S. Mail, postage prepaid, on this 25th day of April, 2005, upon the following attorneys of record:

John R. Williams, Esq.
WILLIAMS & PATTIS
51 Elm Street
New Haven, CT  06510

                                                      /s/ Bridget M. Ciarlo
                                                      Bridget M. Ciarlo

7647-20//399144

*Rome McGuigan, P.C.* • Attorneys at Law
One State Street • Hartford, Connecticut 06103-3101 • (860) 549-1000 • Fax (860) 724-3921 • Juris No. 27726