```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

PETER WEAVER                    :
                                :
                                :
     v.                         :     No. 3:02cv1328 (AHN)
                                :
JEFFREY P. APUZZO and            :
RICHARD D. TULISANO             :
                                :
```

                    RULING ON MOTION FOR RECONSIDERATION

In this action involving a claim of attorney malpractice, the court granted summary judgment in favor of the defendant [doc. # 27] primarily because of the plaintiff's counsel's expressed intent not to offer any expert testimony on essential elements of his claim -- the standard of care and proximate cause.  The plaintiff now moves for reconsideration of that ruling.  He asserts that the court misunderstood him and that he did not say that he would not offer such expert testimony, but said that, in light of an intervening case, Celentano v. Grudberg, 76 Conn. App. 119 (2003), he would seek to call an expert witness.

The plaintiff's motion for reconsideration [doc. # 29] is GRANTED.  Upon reconsideration, the court adheres to its earlier ruling granting summary judgment in favor of the defendant.

DISCUSSION

The assertions of plaintiff's counsel ring hollow. Contrary to his contention that the court misunderstood him, the transcript of the oral argument on the motion for summary judgment shows that plaintiff's counsel did not believe that expert testimony was necessary.  When the court asked him whether he intended to offer an expert, he responded, "I don't think that an expert is needed."  (Tr. Hr'g Mot. Summ. J. at 30.)  Later, when the court asked him how he intended to prove his case without expert testimony, plaintiff's counsel said "there certainly isn't the need of an expert to say that if you blow the statute of limitations that that [sic] falls below the standard of care . . . because it is, I think, black letter law that blowing a statute of limitations is not something for which you need an expert witness."  (Id. at 25.)  And this was also the position he took in his memorandum in opposition to the motion for summary judgment.  (See Pl.'s Mem. Opp'n Mot. Summ. J. at 7-8 (arguing that expert testimony was not required because a jury can determine that the defendant was negligent by not filing suit on the plaintiff's negligence claim within the statute of limitations period)).  While it is true that, at oral argument, plaintiff's counsel said

-2-

that, in light of Celentano, he would disclose an expert "to be on the safe side," (Tr. Hr'g Mot. Summ. J. at 31), he did not, either at oral argument, or before the court issued its decision on the motion for summary judgment, or even in his motion for reconsideration, move to reopen discovery to do so.

Moreover, Celentano is not, as plaintiff's counsel characterizes it, an "intervening" case.  It was handed down on April 8, 2003, almost one month before the deadline for disclosing expert witnesses and almost two years before oral argument.  Celentano also was not a watershed decision.  It did not announce a new rule of law or change existing law, but merely reiterated settled Connecticut law that a plaintiff alleging attorney malpractice must establish through expert testimony the standard of proper professional care and that the attorney's conduct legally caused his claimed injury.  See Vona v. Lerner, 72 Conn. App. 179, 188 (2002); Somma v. Gracey, 15 Conn. App. 371, 374-75 (1988); see also DiStefano v. Milardo, 82 Conn. App. 838, 842-43 (2004); Dunn v. Peter L. Leepson, P.C., 79 Conn. App. 366, 369 (2003), appeal granted on other grounds, 270 Conn. 908 (2004).  In fact, the plaintiff even cited Celantano in his memorandum in opposition to summary judgment.  (Pl's. Mem.

-3-

Opp'n Mot. Summ. J. at 7.)

Nonetheless, even if plaintiff now moved to reopen discovery, which he has not done, his request would be denied as untimely, prejudicial to the defendant, and unsupported by a showing of good cause.  The deadline for disclosing expert witnesses was May 3, 2003.  Summary judgment has been granted and the case has been closed. The plaintiff had sufficient opportunity to disclose an expert or to request additional time to do so before the close of discovery or before the court ruled on the motion for summary judgment, and it would be inappropriate and unfair to the defendant to permit him to do so at this time. See Law v. Camp, 15 Fed. Appx. 24, 26 (2d Cir. 2001) (upholding the district court's preclusion of plaintiff's expert witness where the plaintiff had four years plus two extensions of the deadline for expert disclosure and another extension of the deadline would prejudice the defendants who had prepared their defense on the reasonable assumption that the plaintiff would not call any additional experts).

## CONCLUSION

For the foregoing reasons, the motion for reconsideration [doc. # 29] is GRANTED.  Upon

-4-

reconsideration, the court affirms its prior ruling granting the defendant summary judgment.

SO ORDERED this 31st day of January, 2006, at Bridgeport, Connecticut.

```
                      __/s/_____
                            Alan H. Nevas
                      United States District Judge
```